### 17955. WILKINS *v.* THE STATE.

> DECIDED APRIL 12, 1927. REHEARING DENIED MAY 12, 1927.

Embezzlement; from Clarke superior court—Judge Stark pre-
siding. January 6, 1927.

Criminal Law, 16 C. J. p. 1063, n. 85.
Embezzlement, 20 C. J. p. 486, n. 60.

Application for certiorari was made to the Supreme Court.

*Henry C. Tuck, Wolver M. Smith, Horace M. Holden, John B. Gamble,* for plaintiff in error.

*Henry H. West, solicitor-general,* contra.

BROYLES, C. J.　Only the second headnote requires elaboration. The plaintiff in error, the president of the American State Bank, of Athens, Georgia, was charged with the offense of embezzlement, and the indictment was drawn under section 186 of the Penal Code of 1910, as amended by the act of 1919 (Ga. L. 1919, p. 216, sec. 20) and now embodied in vol. 11 of Park's Annotated Code of Georgia as section 202(t). The gist of the offense as charged in the indictment was that the defendant, while president of the American State Bank, fraudulently took and carried away from the bank, and with the intent to injure and defraud the bank, one hundred shares of the capital stock of the Georgia National Bank, of Athens, Georgia, of the value of one hundred dollars per share, "said shares of stock having been pledged to said American State Bank as collateral security to a note signed by one James F. Shehane and payable to said bank, for the principal sum of thirty thousand dollars, and [the said defendant did] appropriate and apply said stock to his own use, to the damage and loss of said bank, all of said shares of stock having been pledged to said American State Bank as aforesaid, the said bank having a property interest in the said shares of stock." No demurrer was interposed to the indictment.

Upon the trial the evidence disclosed the following undisputed facts: The defendant while president of the American State Bank, of Athens, Georgia, removed from the collateral box of that bank one hundred shares of the capital stock of the Georgia National Bank of the same city, and substituted for it 168 or 187 shares of stock of the Guaranty Trust Corporation, of Athens, Ga. The stock so removed from the American State Bank was owned by J. F. Shehane, and was placed by him with that bank as collateral security to obtain a loan of money from the bank. The stock, soon after its removal, was sold, and at least a portion of the proceeds so obtained was applied by the direction of the defendant to the payment of a promissory note executed by him. The defendant removed the stock from the bank without the authority or knowledge of the loan committee of the bank or of the

members of its board of directors. However, it was the custom of banks generally and of the American State Bank to permit exchange or substitution of paper held as collateral security, and it was also the custom for the president of the bank to make such exchange or substitution without any specific authority from the bank's loan committee, its board of directors, or any other of its officials.

The State contended that the substituted stock was not equal in value to the stock removed, and was so known to be by the defendant at the time of the substitution, he being also the president of the Guaranty Trust Corporation, and that he made the substitution with the intent to defraud and injure the American State Bank and to benefit himself, and that by such substitution he actually did injure and defraud the bank, to his own benefit. On the other hand, the defense contended that the substituted stock was equal in value to the stock removed, and that this fact clearly showed that the defendant had no intention to injure or defraud the bank, and that it was not injured or defrauded by the substitution.

As to these respective contentions the evidence was conflicting. While there was evidence showing that the substituted stock was equal in value to the removed stock, there were other facts and circumstances disclosed which authorized a contrary finding. The vital and controlling question in the case was whether the defendant made the stock substitution with the intent to defraud the bank. The State, as it generally has to do in such cases, had to rely on circumstantial evidence to show such an intent; and while the evidence introduced for that purpose did not demand a finding in favor of the State upon that issue, we can not hold that it was insufficient to authorize such a finding; and, that finding and the verdict having been approved by the trial judge, and no error of law appearing, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*